IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 00-69 |
| | ) | |
| MALCOLM McMILLER, | ) | |
| a/k/a Shake | ) | |

GOVERNMENT'S RENEWED MOTION PURSUANT TO
<u>RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE</u>

AND NOW, comes the United States of America, by and through Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Assistant United States Attorney for said district, and respectfully files this Renewed Motion Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, stating in support thereof the following:

1. On June 7, 2001, the government filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure on behalf of defendant Malcolm McMiller, a/k/a Shake.

2. In that motion, the government explained the charges that had been pending against McMiller; his guilty plea pursuant to a written plea agreement; his agreement to assist law enforcement in investigating violations of the federal drug laws known to him; his sentence on June 8, 2000 to 292 months imprisonment; and defendant McMiller's cooperation to date.  <u>See</u> Docket No. 30 (Government's Motion Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure).

3. At the time of the filing of the government's motion, McMiller's cooperation was not yet complete, and the government requested that the Court permit the motion to be filed under seal, and also that the Court take the motion under advisement for a period of six months, unless that time period was further extended by motion of the government and Order of Court.

4. On June 7, 2001, this Court granted the government's requests, and the motion was taken under advisement.

5. Thereafter, the government filed a series of motions for enlargement of time within which to consider the Rule 35(b) motion, explaining that the investigation and anticipated prosecution of the Terrence Cole Organization was continuing and that McMiller's continued cooperation was still needed in connection with the government's long-term investigation of this large-scale cocaine/crack cocaine organization based in the Hazelwood section of Pittsburgh. See Docket Nos. 31, 33, 34, 35 and 36. This Court granted the government's series of requests to defer ruling on the outstanding Rule 35(b) motion.

6. Defendant McMiller's assistance in the long-term investigation of Terrence Cole has finally concluded. According to information provided by McMiller, which was corroborated by other credible information known to the government, Terrence Cole, his closest associate Thomas Gilliam, and a number of other individuals operated a long-term, extremely large-scale powder cocaine and crack cocaine distribution conspiracy in Western Pennsylvania. The

investigation of Cole took several years, eventually culminating in his indictment on May 10, 2004, at Criminal No. 04-109 (W.D. Pa.). Cole proceeded to trial, the first of which ended in a mistrial as a result of a dead-locked jury. On August 30, 2005, following a second jury trial, Cole was convicted. He awaits his sentencing hearing.

       7. McMiller testified as a government witness at both of Cole's jury trials, and his testimony was critical in ultimately securing a conviction against this major drug-trafficker.

       8. The amended Rule 35(b) of the Federal Rules of Criminal Procedure provides in relevant part as follows:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> ....
>
> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved ... information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing.
>
> When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Fed. R. Crim. P. 35(b)(1)(A), (b)(2)(B) & (b)(4).

       9. It is submitted that the foregoing provides the Court with a basis upon which to depart from the applicable Sentencing Guidelines range and the statutory mandatory minimum. Wherefore,

the government asks the Court to consider this renewed motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. A proposed Order is attached.

                                Respectfully submitted,

                                MARY BETH BUCHANAN
                                United States Attorney

                    By:   s/Troy Rivetti
                          Troy Rivetti
                          Assistant U.S. Attorney
                          U.S. Post Office & Courthouse
                          Suite 4000
                          Pittsburgh, PA  15219
                          (412)644-3500 (Phone)
                          (412)644-2645 (Fax)
                          Troy.Rivetti@usdoj.gov
                          PA ID No. 56816

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within pleading was served by fax and U.S. Mail to and upon the following:

>Stephen M. Misko, Esquire
>220 S. Main Street
>Suite 305
>Butler, PA  16001
>
>U.S. Probation Office
>P.O. Box 1468
>Pittsburgh, PA  15230

>s/Troy Rivetti
>Troy Rivetti
>Assistant U.S. Attorney
>U.S. Post Office & Courthouse
>Suite 4000
>Pittsburgh, PA  15219
>(412)644-3500 (Phone)
>(412)644-2645 (Fax)
>Troy.Rivetti@usdoj.gov
>PA ID No. 56816

Dated: September 2, 2005